O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Georkeshia Denise Campbell, et al., <br><br>   Plaintiffs, <br><br>   v. <br><br> William Fujioka, et al., <br><br>   Defendants. <br> _____ | Case No. CV 11-10741 DDP (MLGx) <br><br> **ORDER DENYING PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** <br><br> [Dkt. No. 10] |

    Presently before the court is Petitioner Georkeshia Denise Campbell's Application for a Temporary Restraining Order ("TRO").

    A temporary restraining order is meant to be used only in extraordinary circumstances.  To establish entitlement to a TRO, the requesting party must show (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest.  Winter v. Natural Res. Defense Counsel, 129 S.Ct. 365, 374 (2008).  A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility

1  of irreparable harm, or (2)raises serious questions and the balance
2  of hardships tips in favor of a TRO.  See <u>Arcamuzi v. Continental</u>
3  <u>Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).  "These two
4  formulations represent two points on a sliding scale in which the
5  required degree of irreparable harm increases as the probability of
6  success decreases."  <u>Id</u>.  Under both formulations, however, the
7  party must demonstrate a "fair chance of success on the merits" and
8  a "significant threat of irreparable injury."[1]  <u>Id</u>.

     Furthermore, pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order

> without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

     Petitioner acknowledges that she has not contacted Defendant Jared Haskell, against whom she seeks a TRO.  (Application at 2.)  Petitioner asserts that Defendant Haskell "has sought to provide fraudulent documentation to induce an eviction process for which he has no authority to impose" and that defendants "have furthermore caused undo (sic) financial hardship upon the Plaintiff Ms. Campbell and her minor children."  (Memorandum at 1.)  Without more information, however, the court cannot ascertain a threat of immediate injury that would justify the lack of notice to

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four <u>Winter</u> factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest."  <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011).

defendants, nor can the court determine that the <u>Winter</u> factors have been met.

Accordingly, Petitioner's Application for a Temporary Restraining Order is DENIED without prejudice.

Dated: March 5, 2012

DEAN D. PREGERSON
United States District Judge