O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Georkeshia Denise Campbell, et al., | ) ) ) | Case No. CV 11-10741 DDP (MLGx) |
| Plaintiffs, | ) ) | **ORDER DENYING PETITIONER'S APPLICATION FOR A TEMPORARY** |
| v. | ) ) | **RESTRAINING ORDER** |
| William Fujioka, et al., | ) ) | |
| | ) ) | [Dkt. No. 10] |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the court is Petitioner Georkeshia Denise Campbell's Application for a Temporary Restraining Order ("TRO").

A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Defense Counsel</u>, 129 S.Ct. 365, 374 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility

1  of irreparable harm, or (2)raises serious questions and the balance

2  of hardships tips in favor of a TRO.  See Arcamuzi v. Continental

3  Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  "These two

4  formulations represent two points on a sliding scale in which the

5  required degree of irreparable harm increases as the probability of

6  success decreases."  Id.  Under both formulations, however, the

7  party must demonstrate a "fair chance of success on the merits" and

8  a "significant threat of irreparable injury."[1]  Id.

9      Furthermore, pursuant to Federal Rule of Civil Procedure

10  65(b), a court may issue a temporary restraining order

11      without written or oral notice to the adverse party or its
       attorney only if: (A) specific facts in an affidavit or a
12      verified complaint clearly show that immediate and irreparable
       injury, loss, or damage will result to the movant before the
13      adverse party can be heard in opposition; and (B) the movant's
       attorney certifies in writing any efforts made to give notice
14      and the reasons why it should not be required.

15  Fed. R. Civ. P. 65(b)(1) (emphasis added).

16      Petitioner acknowledges that she has not contacted Defendant

17  Jared Haskell, against whom she seeks a TRO.  (Application at 2.)

18  Petitioner asserts that Defendant Haskell "has sought to provide

19  fraudulent documentation to induce an eviction process for which he

20  has no authority to impose" and that defendants "have furthermore

21  caused undo (sic) financial hardship upon the Plaintiff Ms.

22  Campbell and her minor children."  (Memorandum at 1.)  Without more

23  information, however, the court cannot ascertain a threat of

24  immediate injury that would justify the lack of notice to

25  _____

26      [1] Even under the "serious interests" sliding scale test, a
    plaintiff must satisfy the four Winter factors and demonstrate
27  "that there is a likelihood of irreparable injury and that the
    injunction is in the public interest."  Alliance for the Wild
28  Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

1  defendants, nor can the court determine that the <u>Winter</u> factors

2  have been met.

3       Accordingly, Petitioner's Application for a Temporary

4  Restraining Order is DENIED without prejudice.

5

6

7  Dated: March 5, 2012

8                                    DEAN D. PREGERSON

9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28